arguments on the defendant's constitutional argument before remanding the case to the trial court. Defendant's motion for reconsideration is based in part on the Ninth Circuit's recent decision in *Thomas v Anchorage Equal Rights Comm*, 165 F3d 692 (CA 9, 1999). In *Thomas*, the court struck down a housing discrimination law similar to the one at issue in this case. In doing so, it relied on dicta from the United States Supreme Court's decision in *Employment Div, Oregon Dep't of Human Resources v Smith*, 494 US 872 (1990). However, there is a clear split in the circuits regarding how courts should follow the dicta contained in the *Smith* decision. See *Kissinger v Ohio State Univ Bd of Trustees*, 5 F3d 177, 180 (CA 6, 1993), *Equal Employment Opportunity Comm v Catholic Univ of America*, 317 US App DC 343; 83 F3d 455 (1996), and *Brown v Hot, Sexy & Safer Productions, Inc*, 68 F3d 525 (CA 1, 1995). If a majority of this Court is persuaded that the rationale in *Thomas* should be followed by Michigan courts, then it should grant reconsideration and explicitly make that determination *before* sending this case back to the trial court. Asking the trial court to sort out the complex jurisprudence surrounding the Free Exercise Clause of the United States Constitution,[1] and the Michigan Constitution's equivalent,[2] without further clarification from this Court only guarantees one thing: a second round of appellate decisions.

*Leave to Appeal From Attorney Discipline Board Denied April 27, 1999:*

GRIEVANCE ADMINISTRATOR V AMBOSE, No. 112903.

GRIEVANCE ADMINISTRATOR V HAMEL, No. 113109.

*Leave to Appeal From Attorney Discipline Board Denied April 28, 1999:*

GRIEVANCE ADMINISTRATOR V HAMILTON, No. 112516.

*Orders Entered April 28, 1999:*

PROPOSED AMENDMENT OF SUBCHAPTER 9.100 OF THE MICHIGAN COURT RULES. On order of the Court, this is to advise that the Court is considering amendments of Rules 9.101, 9.106, and 9.123 of the Michigan Court Rules. Before determining whether the proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposals. We welcome the views of all who wish to address the proposals or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of these proposals does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposals in their present form.

---

[1] US Const, Am I.

[2] Const 1963, art 1, § 4.